The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated:  November 3 2023

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31239 |
| | ) | |
| Teresa Nadeau, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 21-03045 |
| | ) | |
| Douglas A. Dymarkowski, | ) | Judge John P. Gustafson |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Teresa Nadeau and | ) | |
| Teresa Nadeau, Trustee of the | ) | |
| 858 Revocable Living Trust, | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM DECISION AND ORDER DENYING DEFENDANT-DEBTOR'S MOTION FOR RECONSIDERATION

This matter comes before the court on pro se Debtor-Defendant Teresa Nadeau's Motion to Reconsider [Doc. #43] filed on October 12, 2023, and is decided in light of the filing of documents commencing an appeal filed by Plaintiff-Trustee Douglas A. Dymarkowski's

("Plaintiff") with the United States District Court for the Northern District of Ohio. [Case No. 21-31239, Docs. #45–47].

## JURISDICTION AND VENUE

The district court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. §157(b)(2)(H). Venue is proper under 28 U.S.C. §1409(a).

When a timely appeal is filed, the filing of the notice of appeal generally divests the lower court of its jurisdiction in favor of the appellate court. *See*, *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380 (6th Cir. 2007)(quoting *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981), "As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals."); *see also, Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir.1993).

However, there are exceptions to this general rule. "The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed. 225 (1982). Thus, one exception is that this court is not divested of control over aspects of the case that are <u>not</u> involved in the appeal.

More directly on point is Federal Rule of Bankruptcy Procedure[1] 8008(a), which provides:

**(a) Relief Pending Appeal**. If a party files a timely motion in the bankruptcy court

---
1/ The Federal Rules of Bankruptcy Procedure will be referred to as "Bankruptcy Rule ___."

for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
    (1) defer considering the motion;
    (2) deny the motion; or
    (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Here, an appeal has been filed by the Plaintiff-Trustee, not seeking to overturn the court's decision in the above captioned Adversary Case, but instead requesting reversal of the court's earlier decision allowing the Debtor to claim the Ohio Homestead Exemption in her life-estate interest in the 920 Bury Road property.

Accordingly, the Motion for Reconsideration of the September 28, 2023 Memorandum of Decision [Doc. #39] and the corresponding Judgment [Doc. #40], are not the direct subject of the Trustee's Appeal. Further, it appears that the court still has the authority, if such authority is needed under the facts presented here, to "deny the motion" under Bankruptcy Rule 8008(a)(2). Accordingly, the court will deny Debtor-Defendant's Motion to Reconsider [Doc. #43] for the reasons that follow.

## FACTS

The court entered its Memorandum of Decision on September 28, 2023, after an evidentiary hearing held on November 29, 2023.

Parts of the Debtor-Defendant's Motion for Reconsideration appear to attempt to challenge factual and legal conclusions from the pre-bankruptcy state court litigation. That state court litigation resulted in a written decision in the Lucas County Common Pleas Court granting Danberry Co. summary judgment against Teresa Nadeau [Ex. 7, Opinion and Judgment Entry, file stamped May 23, 2019], and reconsideration of that judgment was denied in a short written decision file stamped August 9, 2019 [Ex. 10]. A Notice of Appeal of the judgment against Teresa

3

Nadeau was filed on October 31, 2019, and on November 20, 2020 the Sixth District Court of Appeals issued a Decision and Judgment affirming the lower court judgment. [Ex. 14, Decision and Judgment].

## LAW

A number of related legal principals prevent this court from reviewing the state court decisions as an appellate court.

"The *Rooker–Feldman* doctrine 'prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision.'" *Hall v. Callahan*, 727 F.3d at 453 (quoting *Luber v. Sprague*, 90 Fed.Appx. 908, 910 (6th Cir. 2004)). "Federal courts' 'authority to review a state court's judgment' is vested 'solely in the Supreme Court.'" *Id*. (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 1526, 161 L.Ed.2d 454 (2005)); *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012)("The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. §1257 vests sole jurisdiction to review such claims in the Supreme Court."); *Singleton v. Fifth Third Bank (In re Singleton)*, 230 B.R. 533, 536 (6th Cir. BAP 1999).

Thus, this court is bound by the final judgment of the state court. *See e.g.*, *In re Underwood*, 568 B.R. 785, 795 (E.D. Mich. 2017)("Underwood was asking the bankruptcy court to declare the Oakland County Circuit Court's judgment void because the state court violated his due process rights and erred in calculating damages. This directly implicates *Rooker–Feldman* concerns.").

There are additional binding legal doctrines that prevent this court from finding that the judgment of the state court should be disregarded.

"The Full Faith and Credit Act, 28 U.S.C. § 1738, originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to 'give the same preclusive effect to a state-court judgment as

4

another court of that State would give.'" *Exxon Mobil*, 544 U.S. at 293, 125 S.Ct. at 1527 (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986)).

Principles of estoppel apply in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, to determine the preclusive effect a prior state court judgment would have on the present federal action, the court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). Here, state law prevents attacks by Defendant-Debtor on the judgment in favor of Danberry Co.

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 899 N.E.2d 975, 981 (2008).

"Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 653 N.E.2d 226, 229 (1995). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id*.

In contrast, issue preclusion, or "collateral estoppel," prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id*. Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994); *see also*, *Lundeen v. Wells Fargo Bank, N.A.*,

5

2023 WL 4847686, 2023 U.S. Dist. LEXIS 131402 (N.D. Ohio July 28, 2023); *Hall v. Davis*, 2023 WL 2734690, 2023 U.S. Dist. LEXIS 57547 (N.D. Ohio March 31, 2023).

As the court in *Thompson v. Wing* further stated: "We have previously held that a person is in privity with another if he or she 'succeeds to an estate or an interest formerly held by another.'" 70 Ohio St. 3d at 184, 637 N.E.2d at 923. Here, Defendant-Debtor is the same party who was the defendant in the state court litigation, and the 858 Revocable Living Trust is in privity with her, under *Thompson v. Wing*.

In the Motion for Reconsideration, the Defendant-Debtor asserts that the court should reconsider its decision.

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment." *Banister v. Davis*, 590 U.S. ___, 140 S.Ct. 1698, 1703, 207 L.Ed.2d 58 (2020). "Bankruptcy Rule 9023 makes Rule 59 of the Federal Rules of Civil Procedure generally applicable in bankruptcy cases." *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (6th Cir. BAP 2008). The Rule gives a court the chance "to rectify its own mistakes in the period immediately following" its decision. *Id*. (citation omitted); *accord Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

A motion under Rule 59(e) is not to be treated as an opportunity to re-argue a case. *Howard*, 533 F.3d at 475 (explaining that "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case'" (citation omitted)); *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014*); Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). The party seeking reconsideration cannot simply seek a second bite of the apple and it bears "[t]he burden of demonstrating the existence of a manifest error of fact or law." *In re Nosker*, 267 B.R. 555, 565 (Bankr. S.D. Ohio 2001). Altering or amending a judgment

6

is an extraordinary remedy and should be granted sparingly with the disposition of such a motion being entrusted to the court's discretion. *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (6th Cir. BAP 2008).

The moving party "may offer any of four reasons for the alteration or amendment: (1) there was 'a clear error of law' in the judgment, (2) the movant has 'newly discovered evidence,' (3) there has been an 'intervening change in controlling law,' or (4) the alteration or amendment is needed 'to prevent manifest injustice.'" *Cont'l Cas. Co. v. Indian Head Indus., Inc*., 941 F.3d 828, 833 (6th Cir. 2019)(citation omitted); *see also*, *Howard*, 533 F.3d at 475; *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## DISCUSSION

The Motion to Reconsider does not cite any case law, statute or bankruptcy rule. Nor is there a specific assertion that the decision of the court contained an error of law, or that there has been a change in the relevant case law. Nor does the Motion assert any "newly discovered evidence."

Instead, the Motion asserts that certain factual findings of the court are incorrect and, arguably, that reconsideration is necessary to prevent manifest injustice.

To the extent that the Defendant-Debtor challenges the facts found by the court after trial, the court finds no basis for reconsideration. Similarly, Defendant-Debtor arguments and proffers of evidence not presented at trial are not a basis for altering or amending the court's judgment. "Such arguments and evidence cannot be made for the first time in a motion for reconsideration, only after the Court has made its ruling." *In re Shefa, LLC*, 649 B.R. 881, 883–84 (Bankr. E.D. Mich. 2023).

Further, to constitute "newly discovered evidence," the evidence must have been

previously unavailable. *GenCorp, Inc.*, 178 F.3d at 834. There was no showing or allegations in the Motion that evidence was "newly discovered." Moreover, there is no "evidence." The arguments and factual allegations of pro se litigants, are not evidence. *See*, *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006)("It is well established that statements appearing in a party's brief are not evidence."). The court notes that there was no Affidavit filed with the Motion for Reconsideration.

In addition, the court notes that the findings of the state court, and the state appellate court, are facts that the court is entitled to accept as true under the legal doctrine of "issue preclusion." *Bus. Dev. Corp. of S.C. v. Ruter & Russin, LLC*, 37 Fed.4th 1123, 1129 (6th Cir. 2022)("Like most courts, Ohio courts follow the well-known doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel)"). "Under the doctrine of collateral estoppel, an issue actually and necessarily decided by a court of competent jurisdiction is conclusive in subsequent lawsuits based upon a different cause of action involving a party to the prior litigation." *Juhasz v. Secretary, Dept. of Treasury*, 38 Fed.Appx.307, 308 (6th Cir. 2002), citing *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *see also*, *Lucky Brand Dungarees, Inc. v. Marcel Fashion Group, Inc.*, 590 U.S. ___, 140 S.Ct. 1589, 1594, 206 L.Ed.2d 893 (2020); *Thompson v. Wing*, 70 Ohio St.3d at 183, 637 N.E.2d at 923 (1994).

Thus, all of the findings of the Lucas County Common Pleas Court support the conclusion that Danberry Co. was entitled to a judgment for its commission (to the extent those findings were not contradicted by the Sixth District Court of Appeals) and are binding on this court. In addition, the facts as found by the Sixth District Court of Appeals in affirming the lower court's decision, reviewing its findings *de novo* [Ex. 14, p. 8], are similarly binding on this court.

Finally, the court finds that there is no basis for reconsideration 'to prevent manifest

injustice.' The showing of 'manifest injustice' requires that there "exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Int'l Union United v. Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004); *see also*, *In re Marshall*, 636 B.R. 396, 404 n. 3 (Bankr. E.D. Pa. 2021). The decision was based upon Bankruptcy Code provisions that Congress enacted, balancing the benefits of the relief given to debtors with the remedies afforded to creditors through the avoidance powers provided to Chapter 7 trustees.

## CONCLUSION

For all these reasons, the court finds no basis for reconsideration of the court's September 28, 2023 Memorandum of Decision and separate Judgment. Based on the foregoing, the court finds that the Debtor-Defendant has failed to meet her burden, and the Motion for Reconsideration [Doc. #43] will be, and is hereby, Denied.